T.C. Memo. 2006-101


UNITED STATES TAX COURT


EUGENIE DENISE MITCHELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7144-04.                    Filed May 11, 2006.


Eugenie Denise Mitchell, pro se.

<u>Margaret A. Martin</u> and <u>Daniel J. Parent</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  The issue for decision is whether petitioner is liable under section 72(t) for a 10-percent additional tax on $15,422 that was distributed early from petitioner's retirement annuity accounts.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Sacramento, California.

From 1984 to 2001, petitioner was employed as an attorney with various section 501(c)(3) organizations, which organizations made contributions on petitioner's behalf to four separate section 403(b) tax-deferred annuity accounts and to one tax-deferred simplified employee plan/individual retirement account (SEP-IRA).

The employer contributions made to petitioner's annuity and SEP-IRA accounts were made with funds which were not included in petitioner's taxable income.

On February 28, 2001, petitioner's then-current employer went out of business, and petitioner was laid off. As a result of being laid off, in the spring of 2001 petitioner applied for and received unemployment benefits from the State of California.

In June of 2001, petitioner began practicing law as a partner in her own law partnership, which partnership struggled financially throughout 2001.

At various times in 2001, due to her financial difficulties, petitioner requested and received $17,422 in early distributions from her four annuity and SEP-IRA accounts, as follows:

| Annuity and SEP Accounts | Date of Distribution | Amount of Distribution |
|---|---|---|
| First | 06/22/01 | $ 3,000 |
| Second | 06/22/01 | 6,000 |
| Third | 06/22/01 | 5,000 |
| Fourth | 10/01/01 | 1,422 |
| SEP-IRA | --/--/01 | 2,000 |
| Total distributions | | $17,422 |

As of the end of 2001, petitioner had not attained the age of 59-1/2.

During 2001, petitioner paid a total of $1,809 in unreimbursed medical expenses, and petitioner's law partnership paid on petitioner's behalf health insurance premiums in the amount of $3,209.

On August 15, 2002, petitioner timely filed her 2001 individual Federal income tax return on which return petitioner reported the total $17,422 in early distributions petitioner received during 2001 from her annuity and SEP-IRA accounts as taxable income.

Petitioner, however, on her 2001 individual Federal income tax return failed to report, and petitioner failed to pay with the filing of her return, a section 72(t) 10-percent additional

tax on the $17,422 in early distributions petitioner received from her annuity and SEP-IRA accounts.

Also, on her 2001 tax return petitioner claimed a section 162(l) ordinary deduction of $1,925, the amount allowable under section 162(l)(1)(B), relating to the $3,209 in health insurance premiums paid by petitioner's law partnership on petitioner's behalf.

On January 23, 2004, respondent mailed to petitioner a notice of deficiency with respect to petitioner's 2001 individual Federal income tax in which respondent determined that petitioner was liable for the section 72(t) 10-percent additional tax in the amount of $1,742 on the total $17,422 in early distributions petitioner received in 2001 from her annuity and her SEP-IRA accounts.

At trial, petitioner stipulated the applicability of the section 72(t) 10-percent additional tax on the $2,000 early distribution from her SEP-IRA account.

Petitioner disputes the applicability of the section 72(t) 10-percent additional tax only on the $15,422 in early distributions petitioner received from her annuity accounts.

OPINION

Generally, under the flush language of section 403(b) amounts contributed to retirement annuity accounts by tax-exempt section 501(c)(3) organizations on behalf of their employees are

not, at the time of the contributions, treated as taxable income to the employees.

However, distributions from the annuity accounts to the employees are treated as taxable income to the employees in the year of the distributions. Sec. 403(b)(1) (flush language); sec. 72(a).

As indicated, respondent takes the position that the $15,422 petitioner received from her annuity accounts prior to petitioner attaining the age of 59-1/2 is also subject under section 72(t) to a 10-percent additional tax.

Petitioner argues that the distributions she received from her annuity accounts are governed not by section 72(t) but by section 72(q), under the latter of which no 10-percent penalty or additional tax would apply to the early distributions petitioner received.[1]

However, as a result of the section 72(t)(1) cross-reference to section 4974(c), annuity accounts established and funded by section 501(c)(3) organizations are explicitly covered by section 72(t), and early distributions from such annuity accounts are generally subject to a 10-percent additional tax. In its

---

[1] Under the sec. 72(q)(2)(E) cross reference to subsec. 72(e)(5)(D), early distributions from annuity accounts established and funded by sec. 501(c)(3) organizations are excepted from the application of the sec. 72(q) 10-percent penalty provided therein on early distributions. See sec. 72(e)(5)(D)(ii)(III).

definition of "qualified retirement plans" (to which section 72(t) literally applies) the referenced section 4974(c) includes, among other things, employee annuity accounts established by section 501(c)(3) organizations.

Excepted from the above section 72(t) 10-percent additional tax on early distributions are certain distributions relating to medical expenses and health insurance premiums.  See sec. 72(t)(2)(B).  The section 72(t) 10-percent additional tax will not apply to the extent that the early distributions are equal in amount to unreimbursed medical expenses including health insurance premiums which the employees who received the distributions paid during the year and to the extent that the medical expenses including health insurance premiums would be allowable as tax deductions under section 213.  Id.

The language of section 72(t)(2)(B) provides as follows:

> Medical expenses. Distributions made to the employee * * * to the extent such distributions do not exceed the amount allowable as a deduction under section 213 to the employee for amounts paid during the taxable year for medical care (determined without regard to whether the employee itemizes deductions for such taxable year).

Although in 2001 petitioner's law partnership paid a total of $3,209 in health insurance premiums, because petitioner claimed $1,925 thereof as an ordinary deduction, under section 162(l) only the $1,284 balance of the health insurance premiums

would have been allowable to petitioner for a tax deduction under section 213.  Sec. 162(l)(3).  Therefore, the section 72(t) 10-percent additional tax on petitioner's early distributions from her annuity accounts will not apply to the extent that petitioner's $1,809 in medical expenses and the $1,284 balance in petitioner's health insurance premiums not already deducted under section 162(l) would potentially be allowable to petitioner as a deduction under section 213; namely, to the extent of $3,093.

A further limitation however, under section 213 must also be considered.  Medical expenses and health insurance premiums are allowable as a deduction from income under section 213 only to the extent that they exceed a floor of 7.5 percent of an individual's adjusted gross income.  See sec. 213(a). Applying to petitioner the above section 213(a) 7.5-percent floor, petitioner herein is permitted to except only $267 from application of the section 72(t)(2)(B) 10-percent additional tax.[2]  On brief, respondent already has allowed petitioner to reduce the amount of her early annuity account distributions to which the section 72(t) 10-percent additional tax is applicable by this $267.

---

[2] Petitioner's taxable income of $37,685 times 7.5 equals a floor of $2,826; petitioner's adjusted total medical expenses and health insurance premiums of $3,093 less the $2,826 floor equals $267.

Petitioner counters that an additional exception under section 72(t)(2)(D) should apply to the full extent of the $3,209 in health insurance premiums that petitioner's law partnership paid in 2001 on petitioner's behalf.  However, this limited exception that petitioner relies on relating to health insurance premiums applies only to early distributions from individual retirement accounts such as the early distributions from petitioner's SEP-IRA, not to early distributions from annuity accounts and carries with it many other limitations not satisfied by the evidence herein.  See sec. 72(t)(2)(D).

As indicated, petitioner has conceded that the $2,000 early distribution from her SEP-IRA does not qualify for an exception to the section 72(t) 10-percent additional tax.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.